IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGIO RAPHAEL JOB, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-11-CA-913  LY |
| | § | (A-07-CR-123(04) LY) |
| JOHN B. FOX, WARDEN, FCC BEAUMONT, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Before the Court is Petitioner's Application for a Writ of Habeas Corpus of a Person in Federal Custody, filed October 22, 2011 (Clerk's Dkt. #1). By way of counsel, petitioner Georgio Raphael Job ("Job") filed this action attacking the validity of his conviction and sentence in Cause Number A-07-CR-123 LY. He seeks relief under 28 U.S.C. § 2241 and 28 U.S.C. § 2555

A section 2241 petition on behalf of a sentenced must be filed in the same district where the prisoner is incarcerated. *Kinder v. Purdy*, 222 F.3d 209 212 (5th Cir. 2000); *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).[1] . The record indicates Petitioner is presently confined at FCC Beaumont located in Beaumont, Texas in the Eastern District of Texas. 28 U.S.C. § 124(c)(2). Therefore, this court lacks jurisdiction to consider any request from Petitioner for habeas corpus relief pursuant to § 2241. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacked jurisdiction to entertain § 2241 because petitioner was not incarcerated in the district).

Further, it is clear the claims brought by Job are a collateral attack on his conviction and sentence. Such a collateral attack on a federal criminal conviction is generally limited to a motion

---

[1] This is because the court must have jurisdiction over the prisoner or his custodian at the time the petition is filed. *Lee v. Wetzel,* 244 F.3d 370, 374 (5th Cir. 2001); *United States v. Gabor,* 905 F.2d 76, 77 (5th Cir. 1990)

to correct, vacate or set aside sentence under 28 U.S.C. § 2255.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  Thus, an application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  *Id.* at 877-78.

Accordingly, the Clerk's Office is hereby ORDERED to convert this action into a civil action brought pursuant to 28 U.S.C. § 2255, docket the matter accordingly in the criminal case, Cause Number A-07-CR-123 LY, and alter the case style to reflect the correct parties.  Job is hereby directed to file all future pleadings in the criminal case.

SIGNED this 25th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE